UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

JERRY CHANG YEON JO and
JUNG OK LEE,

       Debtors.

Case No. 07-12369-RGM
(Chapter 7)

### MEMORANDUM OPINION

THIS CASE is before the court on the reaffirmation agreements by and between Jerry C. Jo and Ford Motor Credit Company (Docket Entry 25) and SunTrust Bank (Docket Entry 26).

The Bankruptcy Code creates a statutory presumption of undue hardship. A reaffirmation agreement is

> an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under subsection (k)(6)(A) is less than the scheduled payments on the reaffirmed debt.

Bankruptcy Code §524(m)(1). Jerry C. Jo completed Part D, "Debtor's Statement in Support of Reaffirmation Agreement," of the Ford reaffirmation agreement stating that his monthly income was $6,000.00 and that his "actual current monthly expenses" were $5,360.00, leaving $640.00 to pay the reaffirmed debt, which was just enough to make the monthly payment on the reaffirmed debt of $630.82. On the same day, he also completed Part D of the SunTrust reaffirmation agreement. There he also stated that his monthly income was $6,000.00 but that his monthly expenses were $5,635.00. This was just enough to cover the SunTrust reaffirmation payment of $357.05. Schedule I stated that the debtor's income was $6,000.00 a month. Schedule J, filed by the debtor under oath

on August 30, 2007, stated that his monthly expenses were $9,976.00. (Docket Entry 1). Schedules I and J show a net monthly deficit of $3,976.00. The court cannot reconcile the multiple statement of expenses.[1]

The presumption of undue hardship is determined from the figures stated in Part D of the reaffirmation agreement. However, if there is a difference between Schedules I and J and Part D of a reaffirmation agreement, the change must be explained on Part D. *See* Interim Fed.R.Bankr.P. 4008 ("The debtor's statement required under §524(k) shall be accompanied by a statement of the total income and expense amounts stated on schedules I and J. If there is a difference between the income and expense amounts stated on schedules I and J and the statement required under §524(k), the accompanying statement shall include an explanation of any difference."). It is not appropriate to provide income and expenses in Part D different from those on Schedules I and J without explaining the changes. *See In re Laynas*, 345 B.R. 505, 513-15 (Bankr.E.D.Pa. 2006) (holding that the court has the authority to consider the accuracy of the financial information reported in Part D and find a presumption of undue hardship if the debtor fails to harmonize the Part D information with the information contained in the schedules and the Rule 4008 statement). The changes and the reasons for them are important for the court in its review of a reaffirmation agreement.

Part D of both reaffirmation agreements must be revised to explain the differences with Schedules I and J as required by Interim Rule 4008. Both reaffirmation agreements must take into account the payment being reaffirmed in the other reaffirmation agreement. The debtor's post-discharge budget must be sufficient to make both payments. Otherwise, the debtor must choose

---

[1] Schedule J includes automobile installment payments of $1,080.00. Schedule D lists Ford and SunTrust with debts secured by an automobile and a van, respectively. These appear to be the debts intended to be reaffirmed.

between the vehicles he wishes to retain.

The court notes in passing that Ford's form reaffirmation agreement differs from Official Form 240A. Ford makes several changes. It omits the block at the upper right hand corner of the first page which states whether or not there is a presumption of undue hardship and changes the sequencing and bolding of certain disclosures required by the Code. "The Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate." Fed.R.Bankr.P. 9009. Changes that are substantive and impede the court's consideration of a reaffirmation agreement are not acceptable. *See In re Coy*, 324 B.R. 393, 399 (Bankr.M.D.Fla. 2005) (holding that a substantial deviation from the Official Forms that omits necessary information is not an appropriate modification under Rule 9009). The deletion of the undue hardship box should be reviewed. The presence or absence of the presumption of undue hardship is material in determining how the reaffirmation agreement is reviewed by the court.

The court cannot complete its review of the two reaffirmation agreements submitted. The parties should submit revised reaffirmation agreements.

Alexandria, Virginia
December 14, 2007

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Russell B. Adams, III
Gordon P. Peyton
Shirley Veney
Kevin M. O'Donnell
13845